JORDAN RAPHAEL (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
1055 West 7th Street, Suite 3300
Los Angeles, CA  90017
Telephone:  (213) 291-9800
Facsimile:   (213) 377-5771

TIM BYRON (SBN 277569)
tbyron@byronraphael.com
BYRON RAPHAEL LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 839-8500
Facsimile:   (213) 377-5771

Attorneys for Plaintiff
SQUARE ENIX, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SQUARE ENIX, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, an individual,<br><br>Defendant. | Case No. 2:18-cv-8796<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. VIOLATION OF THE DTSA (18 U.S.C. § 1836 *et seq.*)<br>2. VIOLATION OF THE CFAA (18 U.S.C. § 1030)<br>3. VIOLATION OF THE CUTSA (CAL. CIV. CODE § 3426 *et seq.*)<br>4. BREACH OF CONTRACT<br>5. VIOLATION OF THE CDAFA (CAL. PEN. CODE § 502)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Square Enix, Inc. ("Plaintiff" or "Square Enix"), by and through its undersigned attorneys, for its Complaint against Defendant John Doe ("Defendant"), whose true name is currently unknown, hereby alleges and avers as follows:

## INTRODUCTION

1. Square Enix is one of the leading videogame publishers in North America. It has marketed and distributed dozens of game titles across a wide range of platforms, and its videogame catalog includes the massively popular *Dragon Quest*, *Tomb Raider*, and *Final Fantasy* franchises, which collectively have sold more than 250 million units worldwide.

2. The videogame industry is a highly competitive business with thousands of new games released annually. To maximize consumer interest in its titles and to stand out in this crowded marketplace, Square Enix carefully times its announcements about new developments, features, and functionality in its future game releases. Before Square Enix makes this information public, it is treated as extremely confidential within the company. Square Enix guards the secrecy of this information through confidentiality and nondisclosure agreements with employees, independent contractors, and visitors; through the use of secure, controlled-access computers, servers, and databases; and through other measures.

3. Over the past six months, an unknown, anonymous individual has repeatedly disclosed Square Enix's confidential and trade secret information concerning its *Final Fantasy XIV* title ("*FFXIV*") on a public message board at the website GameFAQs (gamefaqs.gamespot.com). This information covered three future content updates to *FFXIV*, significantly disrupting Square Enix's ability to market the game and threatening the gaming experience for its millions of users. As discussed further below, Square Enix has reason to believe this individual resides in this District and in fact works at or worked at Square Enix's offices in El Segundo, California.

- 1 -                                                   COMPLAINT

4.     To protect its valuable trade secrets, Square Enix brings this action against Defendant for unlawfully acquiring, using, disclosing, and otherwise misappropriating Square Enix's confidential and trade secret information concerning *FFXIV*.

5.     Square Enix seeks remedies against Defendant for his/her misappropriation of Square Enix's confidential and trade secret information and contractual breaches, including injunctive and monetary relief, damages, lost profits, an accounting, punitive and exemplary damages, attorneys' fees, and other appropriate relief.

## THE PARTIES

6.     Plaintiff Square Enix is a company incorporated in the State of Washington, with its headquarters and principal place of business in El Segundo, California.  Square Enix publishes and markets videogames in the United States and throughout North America, including the *Final Fantasy XIV* game at issue in this action.

7.     Defendant John Doe is an individual who, upon information and belief, resides somewhere in this District, but whose name and address of residence are currently unknown.  Defendant is therefore sued under a fictitious name pursuant to Local Rule 19-1.  Square Enix will seek leave to amend this Complaint to name John Doe and any additional defendants when their identities have been ascertained.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over the federal claims in this action (Counts I and II) pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1836(c).  This Court has supplemental jurisdiction over the state law claims (Counts III, IV, and V) pursuant to 28 U.S.C. § 1367.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, a substantial part of the events giving rise to

this action occurred within this District and Defendant resides in this District.

## FACTUAL BACKGROUND

10. This case arises out of the unauthorized access, disclosure, and publication of Square Enix's confidential and trade secret information by a person (or persons) whose identity is not yet known.

11. Square Enix is one of the largest publishers of videogames in North America, with a vast catalog of game titles and franchises, including *Dragon Quest*, *Tomb Raider*, and *Final Fantasy*.

12. One of Square Enix's most popular games is *FFXIV*, a subscription-based online game that features a persistent fantasy-based world in which players interact with each other and the virtual environment. *FFXIV* players are able to create and customize their characters and to join up with other players to engage in battles, quests, and other adventures.

13. *FFXIV* has nearly 14 million registered users over three gaming platforms (Sony PlayStation 4, Microsoft Windows, and Apple macOS). New subscribers pay at least $12.99 per month in the United States. The game is also celebrated at biannual "Final Fantasy XIV Fan Festivals," which are held around the world—in 2018-2019, they will be held in Las Vegas, Paris, and Tokyo—and attended by media reporters and thousands of ticket-buying fans.

14. The enormous popularity of *FFXIV* is due in large part to the continual updates that are made to the game. Approximately every three months, a new content patch is released that expands the storyline and adds features and functionality, such as new quests, dungeons, items, and gameplay modes.

15. Because of *FFXIV*'s large and devoted fanbase, official announcements about the game's content updates receive a tremendous amount of publicity on videogame websites, blogs, social media pages, and message boards.

16. To maximize the interest of customers and potential customers in upcoming releases to *FFXIV*, Square Enix carefully plans the timing of its official

COMPLAINT

announcements about new game developments, features, and functionality. Major announcements are frequently made at the biannual *FFXIV* fan festivals when fan and media attention for the game is at its peak.

17. Prior to the company's official announcements, information about *FFXIV*'s upcoming content updates is treated with the utmost secrecy. Key information is stored on secure computers, servers, and databases that can be accessed only by authorized users who have a need to access such information. Square Enix also takes other security measures to safeguard the confidentiality of its non-public game information, including: requiring keycards to access all rooms and offices at its headquarters; performing background checks on new employees and contractors; requiring usernames and passwords to access computers on the local computer network; requiring additional login credentials to access certain key development servers and systems; and implementing a policy that prohibits employees from discussing confidential information in open areas.

18. Additionally, Square Enix requires its employees, independent contractors, and visitors to sign agreements that include confidentiality, nondisclosure, and non-use provisions with regard to the contents, features, characters, and other elements of games that have not yet been released to the public. These confidentiality agreements strictly prohibit the disclosure of Square Enix's non-public game information, including the future content release information about *FFXIV* at issue in this action, to anyone outside the company.

19. Square Enix derives significant economic value from maintaining the secrecy of details of *FFXIV* future content updates prior to their public release. The company's carefully planned and timed publicity strategy stokes a swell of media interest and fan enthusiasm that results in a substantial number of players renewing their subscriptions or restarting subscriptions that had lapsed. It also attracts scores of media reporters and thousands of fans to the festivals where the announcements are made—festivals that require millions of dollars of company investment. And

- 4 -                                                        COMPLAINT

the deliberate timing of *FFXIV*'s publicity strategy prevents competitors from discovering Square Enix's future product plans and attempting to undercut those plans by incorporating similar features and functionality into their own games.

20.     On or about March 2, 2018, an anonymous individual began posting Square Enix's confidential and trade secret information about future *FFXIV* content updates on a public message board at the website GameFAQs (gamefaqs.gamespot.com).  Prior to the disclosure by that individual, the information had not been made public and was maintained within Square Enix pursuant to the confidential procedures described above.

21.     Over the course of the next six months, the same anonymous individual made more than 30 additional posts to GameFAQs public message boards that likewise disclosed non-public information related to future *FFXIV* updates.  The scope of the confidential information that the individual unlawfully disclosed covered three future content updates, thus significantly disrupting and reducing Square Enix's ability to market the game for the next year and decreasing the value and utility of the fan festivals to Square Enix.

22.     Based on an internal investigation, Square Enix is informed and believes that the anonymous individual who disclosed the non-public information about *FFXIV*—the John Doe defendant in this action—works at or worked at Square Enix's offices in El Segundo, California, and misused his/her position to access, use, and otherwise misappropriate its confidential and trade secret information.  Square Enix is further informed and believes that Defendant entered into, and is thus bound by, a confidentiality or nondisclosure agreement that prohibits the disclosure of Square Enix's non-public game information, including about future *FFXIV* updates, to anyone outside the company.

COMPLAINT

# COUNT I

## (Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*)

23.     Square Enix repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

24.     Square Enix owns and possesses certain confidential and trade secret information related to its *FFXIV* videogame, including non-public information concerning new developments, features, and functionality in future versions of the game.

25.     Square Enix's confidential and trade secret information relates to products and services that are used, sold, shipped and/or ordered in, or that are intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce.

26.     Square Enix has taken reasonable steps to protect the secrecy of its confidential and trade secret information, including the secrecy of the information that Defendant has misappropriated.

27.     Square Enix's confidential and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

28.     Defendant has misappropriated Square Enix's confidential and trade secret information by, *inter alia*, acquiring it, using it, and disclosing it to third parties without Square Enix's consent and, upon information and belief, in violation of his/her contractual agreement to keep such information confidential.

29.     Defendant's conduct has caused, and unless enjoined by this Court, will continue to cause irreparable injury to Square Enix.  If Defendant is not enjoined, Defendant will continue to use, disclose, and otherwise misappropriate the confidential and trade secret information for his/her own benefit and to Square Enix's detriment.

30. Defendant's misappropriation of Square Enix's confidential and trade secret information has also caused and will continue to cause Square Enix substantial injury, including, *inter alia*, actual damages, lost profits, harm to reputation, competitive harm, and diminution in value of its trade secrets. Defendant's misappropriation was also willful and malicious.

31. As a result of the foregoing, Square Enix has been damaged and is entitled to its damages in an amount to be proven at trial, as well as injunctive relief and an award of exemplary damages and attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(C)-(D).

## COUNT II

**(Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030)**

32. Square Enix repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

33. The computers and servers that Square Enix uses to store its confidential and trade secret information are "protected computer(s)" within the meaning of 18 U.S.C. § 1030(e)(2)(B) because they are used in interstate or foreign commerce or communication of the United States.

34. Beginning on or about March 2, 2018, Defendant intentionally and without authorization accessed Square Enix's protected computers and servers in order to access, obtain, and disclose confidential and trade secret information about the *FFXIV* game. Defendant's access to Square Enix's protected computers and servers was without authorization or exceeded any authorization from Square Enix, as Defendant accessed those computers and servers to obtain confidential and trade secret information for his/her own use and benefit and to Square Enix's detriment, without Square Enix's consent. Upon information and belief, Defendant's unlawful activities were also in direct violation of a confidentiality or nondisclosure agreement governing access to those materials.

35. Defendant's conduct has caused Square Enix to incur damages in an

amount of at least $5,000 in a one-year period, the full amount of which will be proven at trial.

36. As a result of the foregoing, Square Enix has been damaged and is entitled to its damages in an amount to be proven at trial, and injunctive or other equitable relief.

## COUNT III

**(Violation of the California Uniform Trade Secrets Act,
Cal. Civ. Code § 3426 *et seq.*)**

37. Square Enix repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

38. Square Enix owns and possesses certain confidential and trade secret information related to its *FFXIV* videogame, including non-public information concerning new developments, features, and functionality in future versions of the game.

39. Square Enix has taken reasonable steps to protect the secrecy of its confidential and trade secret information, including the secrecy of the information that Defendant has misappropriated.

40. Square Enix's confidential and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

41. Defendant has misappropriated Square Enix's confidential and trade secret information by, *inter alia*, acquiring it, using it, and disclosing it to third parties without Square Enix's consent and, upon information and belief, in violation of his/her contractual agreement to keep such information confidential.

42. Defendant's conduct has caused, and unless enjoined by this Court, will continue to cause irreparable injury to Square Enix. If Defendant is not enjoined, Defendant will continue to use, disclose, and otherwise misappropriate

COMPLAINT

the confidential and trade secret information for his/her own benefit and to Square Enix's detriment.

43.    Defendant's misappropriation of Square Enix's confidential and trade secret information has also caused and will continue to cause Square Enix substantial injury, including, *inter alia*, actual damages, lost profits, harm to reputation, competitive harm, and diminution in value of its trade secrets. Defendant's misappropriation was also intentional, knowing, willful, malicious, fraudulent, and oppressive within the meaning of sections 3426.3(c) and 3294 of California Civil Code.

44.    As a result of the foregoing, Square Enix has been damaged and is entitled to its damages in an amount to be proven at trial, as well as injunctive relief and an award of exemplary and punitive damages and attorneys' fees pursuant to California Civil Code sections 3426.3(c), 3426.4, and 3294.

## COUNT IV

### (Breach of Contract)

45.    Square Enix repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

46.    As set forth herein, upon information and belief, Defendant entered into a written agreement with Square Enix, which required him/her to maintain the secrecy of the confidential and trade secret information at issue in this action.

47.    Square Enix has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the written agreement with Defendant, or such performance is excused.

48.    Beginning on or about March 2, 2018, upon information and belief, Defendant breached and has continued to breach its written agreement by disclosing and publishing to third parties and otherwise using the confidential and trade secret information of Square Enix described herein without its consent.

49.    Square Enix has been damaged as a direct and proximate result of the

- 9 -                                    COMPLAINT

foregoing conduct in an amount to be proven at trial.

50. Upon information and belief, the written agreement between Defendant and Square Enix also provides for injunctive relief due to breach. Defendant's conduct has caused, and unless enjoined by this Court, will continue to cause irreparable injury to Square Enix. If Defendant is not enjoined, Defendant will continue to use, disclose, and otherwise misappropriate the confidential and trade secret information for his/her own benefit and to Square Enix's detriment.

51. As a result of the foregoing, Square Enix has been damaged and is entitled to its damages in an amount to be proven at trial, and injunctive or other equitable relief.

## COUNT V

### (Violation of the California Computer Data Access and Fraud Act, Cal. Pen. Code § 502)

52. Square Enix repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

53. In violation of California Penal Code section 502, Defendant has knowingly and without permission used Square Enix's data, computers, computer systems, and/or computer networks wrongfully to obtain confidential and trade secret data and information.

54. Defendant has further violated California Penal Code section 502 by knowingly and without permission disclosing Square Enix's confidential and trade secret information to the public and by expressly or implicitly instructing them to access, use, and copy this material and information.

55. Defendant's unauthorized use and access of Square Enix's confidential and trade secret information has caused damage and loss to Square Enix.

56. As a direct and proximate result of Defendant's conduct, Square Enix suffered and continues to suffer damages.

57. Defendant's conduct was intentional, knowing, willful, malicious,

- 10 -                                                                    COMPLAINT

fraudulent, and oppressive within the meaning of California Civil Code section 3294.

58. As a result of the foregoing, Square Enix has been damaged and is entitled to its damages in an amount to be proven at trial, as well as injunctive relief and an award of exemplary and punitive damages and attorneys' fees pursuant to California Penal Code section 502(e).

**PRAYER FOR RELIEF**

WHEREFORE, Square Enix prays for judgment against Defendant as follows:

A. For compensatory damages for all losses caused by Defendant's wrongful conduct;

B. For compensatory damages for all costs of responding to, assessing, and addressing the consequences of Defendant's unauthorized access to Square Enix's confidential and trade secret information, pursuant to 18 U.S.C. §§ 1030(e) and (g), and California Penal Code section 502(e);

C. For monetary relief, including actual damages and recovery of unjust enrichment, due to Defendant's wrongful conduct pursuant to 18 U.S.C. § 1836(b)(3)(B)(i) and California Civil Code § 3426.3(a);

D. For punitive and exemplary damages pursuant to 18 U.S.C. § 1836(b)(3)(C) and California Civil Code sections 3426.3(c) and 3294;

E. For reasonable attorneys' fees and costs incurred in this action pursuant to 18 U.S.C. § 1836(b)(3)(D) and California Civil Code sections 3426.4;

F. For permanent injunctive relief to prevent Defendant from making any further use, disclosure or other misappropriation of Square Enix's confidential and trade secret information;

G. For an award of prejudgment interest and costs of suit to the extent permitted by law; and

H. For such further legal and equitable relief as this Court deems proper.

COMPLAINT

Dated: October 12, 2018          BYRON RAPHAEL LLP


                                 By: */s/ Jordan Raphael*
                                     Jordan Raphael

                                 JORDAN RAPHAEL (SBN 252344)
                                 jraphael@byronraphael.com
                                 BYRON RAPHAEL LLP
                                 1055 West 7th Street, Suite 3300
                                 Los Angeles, CA  90017
                                 Telephone:  (213) 291-9800
                                 Facsimile:   (213) 377-5771

                                 TIM BYRON (SBN 277569)
                                 tbyron@byronraphael.com
                                 BYRON RAPHAEL LLP
                                 100 Pine Street, Suite 1250
                                 San Francisco, CA 94111
                                 Telephone:  (415) 839-8500
                                 Facsimile:   (213) 377-5771

                                 *Attorneys for Plaintiff*,
                                 SQUARE ENIX, INC.

- 12 -                                                    COMPLAINT

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Square Enix, Inc. hereby demands a jury trial pursuant to Fed. R. Civ. P. 38 on all issues raised in the Complaint.

Dated: October 12, 2018          BYRON RAPHAEL LLP


By: */s/ Jordan Raphael*
    Jordan Raphael

JORDAN RAPHAEL (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
1055 West 7th Street, Suite 3300
Los Angeles, CA  90017
Telephone:   (213) 291-9800
Facsimile:   (213) 377-5771

TIM BYRON (SBN 277569)
tbyron@byronraphael.com
BYRON RAPHAEL LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:   (415) 839-8500
Facsimile:   (213) 377-5771

*Attorneys for Plaintiff*,
SQUARE ENIX, INC

COMPLAINT